# Moore's Appeal.

The record of proceedings in attachment before a justice, to reach property in the hands of a garnishee, which does not show upon what charge or law the attachment was founded, or that the attaching creditor made the proper oath, or that the constable made return, or that any creditor made proof of claim, or that the property was appraised or directed to be sold, or that the freeholders. rendered account within six days, etc., is radically defective, and fails to give jurisdiction.

Where the justice fails to acquire jurisdiction, a writ of certiorari to review the proceedings had before him may issue after the period of twenty days limited by the act of 1752 (Purdon's Digest, 357) has elapsed.

(Decided May 24, 1886.)

Certiorari sur appeal from a decree of the Common Pleas of Bedford County reversing domestic attachment proceedings had before a justice of the peace. Affirmed.

NOTE.—The certiorari was permitted, though more than twenty days had elapsed in the case of attachment execution, and the execution set aside, in Winters v. Homsher, 8 Lanc. L. Rev. 137. So, the certiorari from the judgment of the justice has been permitted more than twenty days after its rendition, when the record fails to show jurisdiction affirmatively. Marvel v. Jones, 7 Kulp, 508; Crosscups v. Bissell, 4 W. N. C. 560; Neal v. Duncan, 9 Montg. Co. L. Rep. 93; Neff v. Gallagher, 16 Pa. Co. Ct. 219; Hoover v. Van Loon, 2 Del. Co. Rep. 22, 2 Kulp, 517; Worst v. Souder, 8 Lanc. L. Rev. 185.

M. A. Bowden gave to the firm of Moore & Haderman, composed of W. F. Moore and R. C. Haderman, a promissory note for the sum of $73.19. At the time the note was executed Mrs. Bowdon was a married woman carrying on a separate business under the act of 1872. Subsequently to the giving of the note, but previous to its maturity, her husband died, and all her property was immediately sold on execution and distributed among judgment creditors, and Mrs. Bowdon disappeared. Her counsel applied for the benefit of the exemption law, and $300 worth of furniture was appraised and set apart and left in the hands of her counsel, A. King.

Moore & Haderman then issued a domestic attachment, under the act of assembly of 1752 (Purdon's Digest, 357).

The court docketed separate cases against Mrs. Bowdon and A. King as garnishee. The proceedings in both cases were removed into the common pleas on writs of certiorari; which court non-prossed the case against M. A. Bowdon and reversed the one against King. In the former case a supplemental order was entered remitting the record to the justice for further proceedings.

Moore & Haderman then went before the justice and caused an alias summons to be issued to King, as garnishee of Mrs. Bowdon.

The justice found that King had in his hands $270 for the use of the creditors of M. A. Bowdon.

A certiorari was taken to the action of the justice, which was not officially served within the five days claimed by Moore & Haderman to be the time limited by the act of assembly.

The following are the exceptions taken to the record returned by the justice:

1. The record does not show upon what the attachment was based, nor under what act of assembly it was issued.

2. The record does not show that the creditor requesting or applying for the attachment made the oath required by the act.

3. The record does not show that the justice accepted the constable's return, nor does it show a correct return by the constable.

4. It does not appear on the record, nor by any paper in the case, that any creditors made proof of their claim.

5. The record does not show that there was any appraisement made as required by law.

6. There was no order or direction by the justice to the freeholders to make sale of the property alleged to be attached.

7. The freeholders did not render a true account of their proceeding to the justice within six days.

8. There is no provision in the law for issuing a scire facias or an alias scire facias against Alexander King in this case.

9. There is no legal authority for the justice to enter judgment against Alexander King in this case.

10. The justice erred in entering judgment against Alexander King for $270 for the use of the creditors of Mary A. Bowdon. There was no evidence before him that Mary A. Bowdon had any creditors, nor was there any proof that this amount, or any amount, of money of Mary A. Bowdon's was in his hands, nor is there any authority in law for the entry of such judgment.

11. The justice erred in not allowing Mary A. Bowdon to prove that she is not and never was indebted to the attaching creditors.

12. The record does not show that the goods alleged to be attached were appraised and set apart by the trustees appointed for Mary A. Bowdon under the exemption laws.

13. The justice did not have jurisdiction.

The court reversed the proceedings without delivering an opinion, and Moore & Haderman brought this writ, assigning for error the reversal of the proceedings and the sustaining of the certiorari; the writ not having been served within the five days required by the act of assembly.

*Spang & Armstrong* for appellants.

*Alexander King* for appellees.

PER CURIAM:

There was no error in reversing the proceedings before the

justice of the peace.   They were not only irregular, but radically defective.   They were insufficient to give jurisdiction under the act of assembly.   Such being the case, the writ of certiorari might issue after the twenty days.

Decree affirmed and appeal dismissed, at the costs of the appellant.